UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nastassia (Goff) Frees,                                    Civ. No. 22-1688 (PAM/ECW)
a/k/a Nastassia Goff,

                            Petitioner,                                  **ORDER**

v.

Mistelle Starr, FCI Warden,

                            Respondent.

_____

       This matter is before the Court on Petitioner Nastassia Goff Frees's Petition for a

Writ of Habeas Corpus.  The Petition challenges a disciplinary hearing determination that

caused Frees to lose 27 days of good-conduct time.  Frees argues that the decision violated

her rights under the Due Process Clause.  For the following reasons, the Petition is denied.

**BACKGROUND**

       Frees is currently incarcerated at the Federal Correctional Institution in Waseca,

Minnesota, serving a 10-year sentence for crimes related to the distribution of

methamphetamine.  In March 2022, Frees was accused of aiding a violation of a prison rule

called "Code 113," which prohibits the possession of any controlled substance "not

prescribed for the individual by the medical staff."  (Docket No. 8-1 at 46.)[1]  According to

the incident report the corrections officer filed, the officer witnessed J.R., another inmate,

standing at the door of Frees's cell.  J.R. reached into a locker in Frees's cell, pulled out an

orange prescription bottle, and dumped two pills from the bottle into her hand.  (Docket

_____

[1]  Citations are to the ECF pagination, which is not always the same as the document's
original pagination.

No. 8-4 (Incident Report).)  J.R. told the officer that she also had a prescription for the same medication but J.R.'s prescription had run out.  (Id. at 1.) Frees was in the cell at the time and reported to the officer that she had told J.R. that J.R. could have the pills.  (Id.) Later, Frees denied giving the J.R. permission to take the pills, stating that she was merely "sitting there writing my husband" when J.R. took the pills.  (Id. at 3.)

Frees does not dispute that she received written notice of the violation, as the Bureau of Prison's disciplinary procedure requires.  (Docket No. 8-1 at 18.)  Pursuant to BOP policy, the incident was first referred to the Unit Disciplinary Committee for an initial hearing.  (Id. at 24.)   The Committee found that Frees violated Code 113, and because a violation of Code 113 is considered a violation of "greatest severity," the matter was referred to a Discipline Hearing Officer for a hearing.  (Id. at 21, 24.)  The Hearing Officer held a hearing at which Frees appeared, but despite her right to do so, did not present any witnesses or avail herself of a staff representative.  (Docket No. 8-6.)  Frees denied giving J.R. permission to take her prescription medication, stating that she thought J.R. was going to take Midol, a non-prescription medication.  (Docket No. 8-7 at 1.)  At the hearing, the Hearing Officer found that Frees committed the infraction and informed Frees of her punishment, including the loss of 27 good-conduct days.

The Hearing Officer did not, however, issue a written report, although the BOP discipline policy provides that such reports are issued "ordinarily within 15 work days of the decision."  (Docket No. 8-1 at 35.)   Nearly two months after the hearing, Frees attempted to appeal the decision but was informed that she could not appeal without a written decision, and that she could resubmit her appeal within 20 days of the date she

received the written decision.  (Docket No. 1-1 at 4.)  She filed the instant Petition on June 28, 2022, and the Hearing Officer finally issued the written decision on July 18, 2022. (Docket No. 8-7.)  Frees did not pursue another administrative appeal, but presumably because of the delay between the hearing and the written decision, Respondent does not argue that Frees has failed to exhaust her administrative remedies.

Frees asserts in the Petition that the failure to issue the written decision deprives her of her rights to the due process of law, and that there is no evidence to support the Hearing Officer's decision because she did not allow J.R to take a drug J.R. was not prescribed.

Frees's reply memorandum does not discuss the timeliness of the written decision, which as noted above issued after Frees filed the Petition.  She contends that the written decision violates her due-process rights because it contains "patently false statements concerning evidence material to and dispositive of [Frees's] guilt or innocence." (Docket No. 10 at 6.)  In particular, Frees takes issue with the Hearing Officer's statement photographic evidence showed that Frees and J.R. "are not prescribed the same medication." (Docket No. 8-7 at 3.)  Frees asserts that she was not provided with this photographic evidence with the Hearing Officer's decision, but rather first saw the evidence in conjunction with the briefing on the Petition.  (See Docket No. 8-4 at 4.)

The photograph at issue shows prescription bottles for Frees's prescription and that of J.R.  (Id.)  Frees's prescription for the medication at issue, called busPIRone, is for a 15 mg tablet.  (Id.)  The other prescription, also for busPIRone, is for a 10 mg tablet.  (Id.) Frees argues that this evidence shows that she and J.R. were prescribed the same medication, albeit in a different dose, and that the statements in the Hearing Officer's report

were therefore false.  Because this argument dovetails with Frees's principle argument that the evidence does not support the Hearing Officer's decision, it will not be addressed separately below.

**DISCUSSION**

Habeas relief under 28 U.S.C. § 2241 is available to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A review of a BOP decision that results in the revocation of good-time credits falls under 28 U.S.C § 2241.  Morganfield v. Rios, No. 17cv304 (WMW/FLN), 2018 WL 6069641, at *2 (D. Minn. Aug. 28, 2018), R. & R. adopted, 2018 WL 6067512 (D. Minn. Nov. 20, 2018).

Loss of good-conduct time for violating a prison rule implicates a liberty interest protected by the Due Process Clause.  Wolff v. McDonnell, 418 U.S. 539, 556–58 (1974). When a prison disciplinary proceeding could result in the loss of good conduct time, the prisoner must receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67).  In addition, the findings of the DHO must be "supported by some evidence in the record."  Id.  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."  Id. at 455.

The only question presented in this Petition is whether the Hearing Officer's decision is "supported by some evidence." Id. at 454. Frees argues that because she and J.R. were both prescribed the same medication, she could not have violated Code 113, which prohibits prisoners from possessing medication "not prescribed for the individual by the medical staff." (Docket No. 8-1 at 46.) She asserts that the Hearing Officer did not rely on the different dosages for the finding that the prescriptions were not identical, noting that the Hearing Officer stated only that the photo showed the prescriptions were not the same. According to Frees, because the underlying medication was the same, she did not violate Code 113.

Frees's interpretation of what Code 113 requires, however, is not the only interpretation, or even the most reasonable one. And whether or not the Hearing Officer explicitly relied on the different medication dosages for her conclusion that Frees violated Code 113 is not dispositive. The fact remains that a corrections officer saw J.R. take two pills out of a prescription written for Frees, and that Frees told the officer she had given J.R. permission to do so. This prescription, even of the same medication and even if it had been of the same dosage, was "not prescribed for [J.R.] by the medical staff." Rather, it is undisputed that the prescription was prescribed for Frees. There is sufficient evidence in the record to support the Hearing Officer's decision that Frees violated Code 113.

The cases on which Frees relies do not compel a different conclusion. In these cases, the inmate possessed his or her own prescription medication but was accused of stockpiling that medication. E.g., Sullivan v. Thomas, No. 09cv1479, 2010 WL 3488998, at *3 (D. Or. Aug. 31, 2010) (inmate stockpiling his own prescription of oxycodone did not violate

Code 113); Hopkins v. Tamez, No. 4:08-CV-742A, 2009 WL 424152, at *3 (N.D. Tex. Feb. 19, 2009) (BOP correctly found that inmate did not violate Code 113 when he stockpiled his own prescription for Percoset); Green v. Young, No. 5:13cv39, 2014 WL 229587, at *1-2 (E.D. Tex. Jan. 21, 2014) (inmate's disciplinary conviction changed from violation of Code 113 to misusing authorized medication because inmate possessed his own prescription medication).  Here, unlike those cases, Frees allowed J.R. to take medication prescribed for Frees, and thus aided J.R in possessing medication she was not prescribed in violation of Code 113.

Frees's interpretation of what Code 113 prohibits would create an untenable situation for the BOP, and for corrections officers specifically.  If inmates are allowed to share medication with others who have a prescription for the same medication, corrections officers, who cannot be expected to monitor every inmate's prescription history, cannot determine whether any sharing of medication that they witness violates Code 113.  This creates obvious hazards, both for those sharing medication with a fellow inmate who does not have a prescription for it and those sharing medication with a fellow inmate whose prescription is for the same medication albeit in a different dosage, as is the situation here. Medication dosages are not fungible, and taking a larger dosage of medication without a physician's direction to do so can result in harm, just as taking medication that is not prescribed in the first instance can cause harm.  Frees's arguments to the contrary are without merit.  Sufficient evidence supports the Hearing Officer's decision that Frees aided a violation of Code 113.

**CONCLUSION**

Frees has failed to establish that the Hearing Officer's decision violated her Due Process rights. Accordingly, **IT IS HEREBY ORDERED that** the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: ___July 19, 2023___         ___*s/Paul A. Magnuson*___
                                   Paul A. Magnuson
                                   United States District Court Judge